El Pueblo de Puerto Rico, demandante y apelado, *v.* Pablo Martínez, acusado y apelante.

Núm. 7889.—*Sometido:* Diciembre 4, 1939. *Resuelto:* Diciembre 8, 1939.

744

M. *Velázquez Flores,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Pablo Martínez fué acusado ante la Corte de Distrito de Humacao del delito de ataque para cometer homicidio, así como de portar armas prohibidas. Los casos, a indicación del acusado, fueron oídos conjuntamente. El acusado fué convicto de portar un arma prohibida y sentenciado a 9 meses de cárcel. Apeló de esta sentencia. Señala dos errores. El primero de ellos es:

"La Corte inferior erró al declarar culpable al acusado del delito de portar armas, basando su sentencia solamente en la declaración del testigo Segundo Besares cuya declaración no ha sido corroborada y cuyo testigo no describió el arma que se alega en la acusación portaba el acusado; la cual arma no fué ocupada, ni presentada como prueba."

Este señalamiento es algo confuso y puede ser subdividido. En lo que se refiere a la declaración de Segundo Besares, ella es suficientemente clara y explícita y describe

el arma aunque ésta no fué ofrecida como prueba. El testigo se hallaba presente en un grupo de personas y fué atacado por el acusado. Él no podía describir el arma muy específicamente, mas estaba seguro del uso que se había dado a la misma.

El caso del *Pueblo* v. *Cartagena,* 37 D.P.R. 281, no favorece al acusado. Allí hubo conflicto de prueba entre otras cosas y este tribunal, luego de examinar las declaraciones de todos los testigos, llegó a la conclusión de que la portación del arma no había quedado suficientemente probada. Además Besares por sus gestos y en otras formas demostró que tenía una idea de la apariencia del cuchillo y que éste tenía poco más de seis pulgadas de largo, así como que vió el arma. Este testigo fué repreguntado y no pudo identificar más detalladamente el arma.

Con ciertas excepciones que no son aplicables al presente caso, en una causa criminal la declaración de un solo testigo es suficiente para condenar a un acusado, y su declaración no necesita ser corroborada. Artículo 18 de la Ley de Evidencia.

 El segundo señalamiento de error lee así:

"La Corte inferior erró, también, al darle valor probatorio a la declaración del testigo Segundo Besares en un juicio anterior y no contenida en una exposición del caso o récord taquigráfico tenidos a la vista por la Corte, cuando el testigo mismo ha podido producirse."

Asumiendo por el momento que la objeción y excepción envueltas en el señalamiento anterior fueron tomadas debidamente, no hallamos que la corte descansara específicamente en la declaración prestada en el otro caso.

Estamos algo perplejos por las manifestaciones de la corte. El juez dijo:

"Esta mañana declaró el testigo (el Hon. Juez se refiere a la prueba desfilada en el caso criminal Núm. 13170 contra Pablo Martínez por el delito de ataque para cometer homicidio) que era un cuchillo y esta tarde también. Sin lugar la moción de absolución perentoria."

No obstante no creemos que la corte descansara en la prueba del caso de ataque para cometer homicidio.

Sin embargo, si se examinan los autos se verá que el acusado, aunque excepcionó la resolución de la corte, no se opuso ni tomó excepción a estas observaciones del juez. De haberse hecho tal objeción el fiscal fácilmente pudo haber ofrecido alguna otra prueba que no presentó por ser meramente acumulativa, o quizá más tarde pudo haber incorporado la prueba del otro caso a la transcripción del presente. Empero, el señalamiento será desestimado por haberse dejado de levantar una objeción y de anotar la correspondiente excepción, especialmente porque hallamos que no hubo prejuicio.

También dudamos que el juez, bajo la estipulación de las partes, no hubiera tenido derecho a referirse a la prueba aducida en el juicio por el delito de ataque para cometer homicidio. El apelante tan sólo elevó la prueba tomada exclusivamente en el juicio por el delito de portar armas. Cualquier defecto que haya es imputable a él.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Del Toro no intervino.